UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.                                                                                  Hon. Sally J. Berens

ADAM WAYNE CARPENTER,                                   Case No. 1:18-cv-00648

    Defendant.

**MEMORANDUM OPINION**

At the Court's request, the parties have submitted briefing regarding character evidence they each intend to introduce at trial. The Court rules on the admissibility of that evidence (and reserves ruling, in part) as follows.

### I.    Plaintiff's Proffered Proofs

For her part, Plaintiff offers the following proposed testimony (as characterized by Plaintiff):

- Michele Keifer, who has worked at Club Paradise for twenty years, gave a statement to the police that "Adam is a 'regular' at the establishment and comes in on nights and weekends. Adam currently has a pregnant fiancé, 'Amy.' … [yet] still seeks out other women. … Adam was described as 'arrogant' in his demeanor." [Pl. Ex. 31]

- Brooke Bowers also advised Adam is a "regular" and "always hitting on girls." [Pl. Ex. 32]

- Deb Smith will testify that she has known Defendant for several years. On one occasion at Club Paradise, Defendant asked her who a certain young female was and whether Ms. Smith would ask whether Defendant could buy the young woman a drink. On another occasion, Ms. Smith observed a married woman with a child, who was typically reserved, but who suddenly changed her behavior and began "dancing and hanging all over Adam." She and Adam went to Ms. Smith's house for an after-party and then left together.

- Plaintiff and Brandy Chipman will testify about an incident where they happened to run into Defendant in Las Vegas, the first time she had met him. He bought them drinks, and while they were all dancing together, Plaintiff admonished Defendant to not dance so close to Brandy. Defendant shrugged it off and invited the two of them back to his hotel. They had to hide in the bathroom to ditch him. [Pl. State Dep. 25-29] Plaintiff will also testify that Defendant has a reputation as a "player, kind of womanizing." [Id., 29]

- Brandy's partner Christofer Barrow is also expected to testify about a separate incident regarding Defendant and Brandy.

(ECF No. 104, PageID.684-85.)[1]

Under Fed. R. Evid. 404(a), evidence of a person's character trait is not admissible to prove that on a particular occasion the person acted in accordance with that character or trait. Likewise, under Rule 404(b)(1), evidence of other acts is "not admissible to prove a person's character in order to prove that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2), however, provides that such evidence may be admitted for another purpose, such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2) is thus often referred to as a rule of inclusion rather than exclusion. However, "[b]efore evidence of such other crimes, wrongs, or bad acts may be introduced, a district court must assure itself that the other act did, in fact, occur; that the challenged evidence is being offered for a proper purpose…; and that the probative value of the evidence is not outweighed by it prejudicial effect." *United States v. Cureton*, 661 F. App'x 369, 375 (6th Cir. 2016). In addition, character evidence proffered to show intent must relate to conduct that is "substantially similar" and "reasonably near in time" to the action taken in accordance with bad character. *United States v. Williams*, 662 F. App'x 366, 375 (6th Cir. 2016).

---

[1] Notably, a number of these witnesses do not appear on Plaintiff's witness list, as submitted to the Court in the Amended Final Pretrial Order (ECF No. 109).

Plaintiff argues that this evidence is probative of "Defendant's motive, opportunity, and intent to take Plaintiff to his home to engage in sex with her." (ECF No. 104, PageID.685.) In particular, Plaintiff argues that it is "highly relevant and probative" as to whether the parties engaged in sexual relations on the evening in question and whether that occurred with Plaintiff's consent. (*Id.* at PageID.686.)

This argument fails for several reasons. First, the proffered evidence is not substantially similar to Plaintiff's theory in this case and is therefore not probative of motive, opportunity, or intent to *assault* the Plaintiff. None of the evidence proffered involves nonconsensual sexual relations, much less where the woman does not remember the acts in question. *Cf. Corbo v. State*, 2009 WL 5551376, at *3, 7-9 (Tex. Ct. App. Sept. 24, 2009) ("the testimony of the three women, indicating they were also drugged, was inherently probative to demonstrate a *modus operandi* and prove appellant's intent to facilitate non-consensual intercourse with C.H. by drugging her"); *Ayala v. Tapia*, 1991 WL 241925 (D.C. Oct. 31, 1991) ("An allegation of a prior sexual assault is directly relevant to the defendant's intent in a subsequent incident. If defendant repeatedly claims consent or routinely refuses to take "no" for an answer (as plaintiff claims Mr. Tapia has) in the face of his unwanted sexual advances, such behavior bears on his good faith assertion of consent."). Indeed, most of the testimony is not even offered from the woman Plaintiff alleges Defendant took home from a bar for casual sex, but rather from a third-party who observed flirting (which was sometimes aggressive) but not a sexual act. Although the evidence might be somewhat probative of Defendant's willingness to engage in sexual relations with multiple women whom he does not know well in general, it is not probative of his willingness to have sex with a woman without her

consent, the issue in this case. In other words, it does not prove that it is more likely that Defendant sexually assaulted Plaintiff or even had sex with her on the night in question.[2]

Plaintiff argues that the testimony is offered "to counter Defendant's testimony that he did not seek out Plaintiff for sex, did not intend to take her to his home, and did not intend or attempt to have relations with her after he took her there." (ECF No. 107, PageID.723.) However, there is no dispute that he took Plaintiff to his home after they were at a bar together. The issue in dispute is whether he had sex with her without her consent once at his home. Indeed, Defendant admits that Plaintiff performed sexual acts on him in the vehicle before they arrived at his home. The proffered evidence of his propensity to be a womanizer is insufficiently specific to be probative as to whether the two engaged in sexual intercourse later that evening.

The proffered evidence is, by contrast, unfairly prejudicial and likely to confuse the jury and therefore subject to exclusion under Rule 403. The issue at trial is whether the defendant drugged Plaintiff and sexually assaulted her. It is not whether he would be willing to engage in consensual sex with someone he did not know well or is generally promiscuous. This type of evidence has a tendency to suggest decision on an improper basis and to confuse or distract the jury from the main issues.

It could also lead to a trial-within-a-trial if Defendant disputes the witnesses' testimony. This is particularly true here, where the woman alleged to have been the target of Defendant's sexual overtures is not the proffered witness. Most of the evidence is not offered by the individual woman who experienced it, except Brandy Chipman, and Brandy Chipman does not suggest that

---

[2] Plaintiff also argues that her knowledge of Defendant's reputation suggests she would not have gone home with him voluntarily. (ECF No. 104, PageID.686.) But she can testify that she did not like him and would not have gone home with him. Additional evidence of other people's observations of him would not be probative on that point.

Defendant drugged her or sexually assaulted her. *Huddleston v. United States*, 485 U.S. 681, 689 (1988) ([A plaintiff] may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.").

For those reasons, the proffered evidence is excluded.[3]

## II.  Defendant's Proffered Proofs

Defendant has advised that, if Plaintiff testifies that "she would never leave a bar with any man…to engage in a one-night stand or engage in sex generally," he intends to offer evidence under Rule 412 of her "other relationships or her lifestyle to rebut her own character evidence or to challenge her damages." (ECF No. 103, PageID.677.) Under Rule 412(b)(2), "evidence offered to prove a victim's sexual behavior or sexual predisposition" is not admissible unless "its probative value substantially outweighs the danger of harm to the victim and of unfair prejudice to any party." Moreover, a "court may admit evidence of a victim's reputation only if the victim has placed it in controversy." Fed. R. Evid. 412.

Plaintiff argues that Defendant is barred from offering any such evidence because he did not comply with Rule 412(c) by filing a motion 14 days before trial. The advisory committee's notes, however, state that "in some instances the circumstances that justify an application to introduce evidence otherwise barred by Rule 412 will not become apparent until trial." Fed. R. Evid 412, advisory committee's note to 1994 Amendments. In this case, whether there will be circumstances that justify the introduction of such evidence at trial cannot be determined until after

---

[3] Plaintiff also states that she intends to ask Defendant about his own prior sexual relationships. For the reasons stated above, that will not be admitted under Rule 404(b). The Court will reserve, however, on the question of whether that is admissible as impeachment under Rule 607 until hearing Defendant's testimony.

Plaintiff's testimony (although certainly Defendant was on notice of this potential issue well in advance of trial). However, barring such a circumstance, no such evidence will be admitted.

### III. Other Matters

The parties agree that Defendant's prior stalking conviction will not be offered at trial.

Dated: May 28, 2021   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge